### A. MARCHAND v. JAMES COYLE.

The word *record* does not mean *copies,* and it is the duty of parties who offer records in evidence to procure and file copies in the District Court, in due time, if they desire this Court to consider such records as evidence.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *Durant & Horner,* for appellant. *Buchanan & Gilmore,* for appellee.

LABAUVE, J. The plaintiff claims of the defendant $782, with interest,

upon a note dated 14th April, 1863, for $732, and a due bill for $50, dated 12th May, 1863.

The defence is, in substance, a general denial, and that said obligations were made due at Ponchatoula, in this State, then in the hostile possession of the enemies of the United States; that the same had been brought contrary to law, within the jurisdiction of the Court, and that the payee thereof, or his assignee, the plaintiff, has no cause of action upon the same, or any right to stand in judgment.

The District Court gave judgment in favor of the defendant, and the plaintiff appealed.

Upon the trial below, the defendant offered in evidence the *record* in the case of *Marchand* v. *Coyle*, in the Third District Court of New Orleans. The record of this suit is not comprised in the transcript of appeal brought up, and the certificate of the clerk shows that it contains all the *documents filed*. This shows that the defendant did not offer and file copies of the record of said suit. The word *record* does not mean *copies;* and it was his duty to procure and file copies in due time. This case, as it is seen, was tried in the Sixth District Court, and the record offered in evidence was in the Third District Court; for all this the plaintiff and appellant cannot be blamed, and the case must be remanded, at the costs of the appellee. C. P. Art. 906. *Abat & Generes* v. *Harris*, 16 An. 183. *Evin* v. *Murphy*, 11 R. 477. *Lyon* v. *Andrews*, 5 An. 602. *Barrow* v. *Landry*, 12 An. 83.

It is therefore ordered and decreed, that the judgment appealed from be reversed, and that the case be remanded, to be proceeded in according to law, and that the defendant and appellee pay the costs of appeal.